UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:16-cv-22146

PHILLIP W. SCHERER, JR.

vs.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff hereby sues the Defendant and files this Complaint for Damages, and says:

**THE PARTIES AND JURISDICTION**

1. This is an action for damages that exceeds $75,000.00, exclusive of interest, costs and attorney's fees.

2. The Plaintiff, PHILLIP W. SCHERER, JR., is sui juris and is a resident of New York.

3. The Defendant, ROYAL CARRIBEAN CRUISES LTD. (hereinafter referred to as "ROYAL CARIBBEAN"), is a Corporation authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject accident occurred.

4. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

  b. Had an office or agency in this state and/or county;  and/or

  c. Engaged in substantial activity within this state; and/or

  d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

5. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

### ALLEGATIONS COMMON TO ALL COUNTS

6. **DATE OF ACCIDENT.**  This accident occurred on July 21, 2015.

7. **LOCATION OF ACCIDENT.**  This accident occurred on the vessel Adventure of the Seas, a ship in navigable water while the Plaintiff was a passenger aboard.  Specifically, the accident occurred on Deck Eleven by the Windjammer Cafe.  Accordingly, the Plaintiff's claims are governed by the General Maritime Law.

8. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF ACCIDENT.**  At all times and material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.   The Plaintiff does not have a complete copy of his ticket, but the Defendant does.

9. **DESCRIPTION OF THE ACCIDENT**.  The Defendants on the date of the accident negligently caused and/or allowed water to leak, accumulate and pool on the deck surface near the Windjammer Café on the aft portion of Deck Eleven.  Passengers were directed to walk between two metal utility or serving carts where the water was leaking from.  The crew failed to post any warning signs.  The area was left to remain wet and slippery and to be exposed and open for traffic of passengers such as the Plaintiff herein.  When Mr. Scherer entered the area near the carts, he slipped and fell due to the water.

The Defendant negligently failed to post any warning signs or any other warnings of the hazardous condition.  The Defendant further negligently failed to maintain their serving carts and equipment such that water leaked from the same causing the hazardous and dangerous condition.  As a result of the negligence of the Defendant, the Plaintiff was caused to slip and fall and suffer serious, debilitating and permanent injury.

**COUNT I**
**NEGLIGENCE**

10. The Plaintiff, PHILLIP W. SCHERER, JR., hereby adopts and realleges each and every allegation in paragraphs 1 through 9, above.

11. **DUTIES OWED BY THE DEFENDANT.**  The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So.2d 654 (Fla. 3dDCA 2004).  The Defendant also owed a "duty to exercise reasonable care under the circumstances".  See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendants "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

12. The Defendant breached those duties and was negligent by:

   a. Failing to keep the floor clean and dry to allow normal and safe foot traffic;

   b. Failing to clean or mop spills or leaks during hours when people were present on the premises;

   c. Failing to post signs warning that the floor was wet;

d. Failing to otherwise warn anyone including the Plaintiff who would walk on the floor of the dangerous condition and the fact that the floor was wet and slippery;

e. Failing to check, inspect and maintain utility carts and/or service carts to ensure that they were not leaking or spilling water or other liquid contents;

f. Failing to provide a mat or other floor covering over the wet floor to allow people who traverse the floor area to use at least a section of the floor;

g. Failing to inspect for and to observe and clean water and/or other substances from the flooring;

h. Observing that the flooring was wet but failing to clean and dry the flooring;

i. Failing to properly and reasonably train its employees in the proper methods of monitoring the activities of people in an area, cleaning and drying an area of flooring, and posting warning notices;

j. Failing to properly and reasonably monitor and control the activities of people in an area especially an area where Defendant knows is an area of high traffic and continuous problems;

k. Failing to properly and reasonably post warning notices after cleaning or wet mopping an area;

l. Failing to cordon or block off the wet floor area to prevent traffic into the area;

m. By negligently creating the subject condition by placing leaking carts in an area of high foot traffic and/or by directing passengers to walk next to carts that they knew, or should have known were leaking fluid or water onto the deck;

Scherer v. Royal Caribbean<br>
Case No.<br>
Page 5

      n.      Failing to implement safe crowd control, crowd activity monitoring cleaning, and wet area warning procedures;

      o.      Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

      p.      Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

      q.      Providing negligent maintenance to the area or to the premises;

      r.      Utilizing or allowing negligent method of operations;

      s.      Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

      t.      Failing to warn passengers such as the Plaintiff of the dangerous condition caused by accumulating water; and

      u.      Failing to reasonably and properly clean and dry areas which remained wet and accumulated water;

      v.      Failing to comply with applicable industry standards, statutes and/or regulations, the violation of which is negligence per se and/or evidence of negligence.

13.    The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

14. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

15. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

16. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations; and/or (c) the Defendant by and through its agents, servants and employees actually created the condition upon which Plaintiff fell.

17. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that the Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

18. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

19. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The

Scherer v. Royal Caribbean
Case No.
Page 7

Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demands Trial by Jury of any issue triable of right by a jury.

> JEFFREY R. DAVIS, P.A.
> *Attorneys for Plaintiff*
> 10800 Biscayne Blvd.
> Suite 700
> Miami, Florida 33161
> Tel: 305/577-3777
> Fax: 305/854-2603
> jeff@jeffdavislaw.com – Personal
> pleadings@jeffdavislaw.com - Service
>
> By: /s/ Jeffrey R. Davis
>     Jeffrey R. Davis
>     Florida Bar No. 599956